■ In the Matter of the Estate of SAMUEL GARSKY, Respondent, v JOHN F. KONDZIELASKI, as Assessor of the City of Yonkers, et al., Appellants. (Proceeding No. 1.) In the Matter of the Estate of SAMUEL GARSKY, Deceased, Respondent, v JOHN F. KONDZIELASKI, as Assessor of the City of Yonkers, et al., Appellants. (Proceeding No. 2.)—In consolidated proceedings pursuant to Real Property Tax Law article 7 to review assessments on certain real property (premises known as 150 Parkway North, 675 McLean Avenue and 115-121 Lawton Street, all in the City of Yonkers) for the tax years 1978/1979, 1979/1980, 1980/1981 and 1981/1982, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Burchell, J.), dated January 23, 1984 which reduced the assessments for each of the years under review.

Order and judgment modified, on the law and the facts, by increasing the amounts of the trial court's "correct" assessments (1) for 675 McLean Avenue for the tax year 1980/1981, from $182,062 to $187,477; (2) for 675 McLean Avenue, for the tax year 1981/1982 from $169,986 to $181,609; (3) for 150 Parkway North for the tax year 1980/1981, from $126,107 to $129,857; (4) for 150 Parkway North for the tax year 1981/1982 from $115,464 to $123,350; (5) for 115-121 Lawton Street for the tax year 1980/1981, from $158,723 to $163,444; and (6) for 115-121 Lawton Street, for the tax year 1981/1982 from $132,883 to $144,651. As so modified, order and judgment affirmed, without costs or disbursements.

Although the city argues that the trial court gave too much weight "to the incredible testimony of petitioner's expert" and that petitioner failed to prove a prima facie case, we find that the court reviewed the evidence in the record, utilized its own capitalization rates within the range of the evidence and that there is no basis for disturbing its findings of fair market value (see, People ex rel. MacCracken v Miller, 291 NY 55, 61-62; Matter of Garsky v Kondzielaski, 113 AD2d 835).

On oral argument of this appeal and the companion appeal, (see, Matter of Garsky v Kondzielaski, supra), the attorneys for the respective parties stipulated to the use of the ratios set forth in the City of Yonkers' written responses to petitioner's CPLR 3123 notices to admit truth of facts. Application of those ratios to the trial court's valuations (column 2) requires that for the tax years 1980/1981 and 1981/1982 the "Indicated" assessment (column 3) found by the trial court be modified in (column 4):

| Tax Year | Trial Court's Market Value | Trial Court's Indicated Assessment | Modified Assessment |
|---|---|---|---|
| A. 675 McLean Avenue: | | | |
| 1980/1981 | $ 676,811 | $ 182,062 | $ 187,477 |
| 1981/1982 | 675,125 | 169,986 | 181,609 |
| B. 150 Parkway North: | | | |
| 1980/1981 | $ 468,799 | $ 126,107 | $ 129,857 |
| 1981/1982 | 458,552 | 115,464 | 123,350 |
| C. 115-121 Lawton Street: | | | |
| 1980/1981 | $ 590,050 | $ 158,723 | $ 163,444 |
| 1981/1982 | 537,735 | 132,883 | 144,651. |

Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.